**QI QING CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–2263–ag.**

United States Court of Appeals,
Second Circuit.

Oct. 25, 2006.

Liu Yu, New York, NY, For Petitioner.

Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Gary L. Hayward, Assistant United States Attorney, Des Moines, IA, For Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Petitioner Qi Qing Chen, a native of China, seeks review of an April 20, 2005 order of the BIA affirming the January 22, 2004, decision of Immigration Judge ("IJ") William Van Wyke denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qi Qing Chen,* No. A78 863 029 (B.I.A. Apr. 20, 2005), *aff'g* No. A78 863 029 (Immig. Ct. N.Y. City Jan. 22, 2004). The BIA reissued its April 20, 2005 decision on May 27, 2005. *In re Qi Qing Chen,* No. A78 863 029 (B.I.A. May 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004)

Even where an adverse credibility finding is based, in part, on flawed grounds, remand is not required where we can "confidently predict[ ]" that the IJ would have reached the same conclusion absent the error-based grounds. *Xiao Ji Chen v.*

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). Although some of the IJ's findings were not supported by substantial evidence, the remaining findings are sufficiently strong that remand would be futile. As the IJ noted, Chen's testimony was fairly vague throughout. The IJ reasonably determined that Chen's testimony was inconsistent with his mother's letter as to whether they saw each other after her arrest and whether he actually practiced Falun Gong in China. In addition, Chen gave implausible testimony as to how he learned of his parents' arrests. Chen also failed to explain how the government might have learned of his involvement with Falun Gong. These factors directly relate to the basis of his claim. Accordingly, this Court can confidently predict that the agency would reach the same result absent the error-based grounds, and that, as a result, a remand would serve no purpose.

As Chen failed to raise any arguments regarding the denial of his withholding of removal or CAT claims in his brief to this Court, we deem these claims waived. *See Jian Wen Wang v. BCIS,* 437 F.3d 276, 278 (2d Cir.2006).

Accordingly, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DENIED as moot.